IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | No. 3:12-cv-4174-G-BN |
| WILLIAM E. DAILEY, JR., ET AL., | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and an order of reference from the District Court. *See* Dkt. No. 27. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation.

**Background**

This is an interpleader action concerning conflicting claims to life insurance proceeds from a policy insuring William E. Dailey, Sr. ("Decedent"). *See* Dkt. No. 1 (Complaint in Interpleader). Plaintiff Metropolitan Life Insurance Company (the stakeholder) brought this suit against Jim Edna Dailey, who asserted a claim as the surviving spouse; Decedent's eight children: William E. Dailey, Jr., Elizabeth A. Dailey, Christopher E. Dailey, Shannon D. Dailey, Sheila L. Dailey, Shirley L. Dailey, John W. Dailey, and N.K.D. (a minor); and First National, Ltd., who asserted a claim as assignee regarding Decedent's funeral expenses.

Pending before the Court are several related motions or docket events

concerning the claim of Jim Edna Dailey: the Clerk's Entry of Default as to Jim Edna Dailey [Dkt. No. 40], Claimant First National, Ltd.'s Amended Motion to Strike Answer of Jim Edna Dailey [Dkt. No. 47], Plaintiff Metropolitan Life Insurance Company's Motion for Leave to File an Amended Complaint to Add Parties [Dkt. No. 58], and Defendant William E. Dailey, Jr.'s Suggestions in Opposition to Plaintiff's Motion for Leave to File an Amended Complaint to Add Parties [Dkt. No. 59].

According to the Complaint in Interpleader, Decedent did not have a designated beneficiary at the time of his death. *See* Dkt. No. 1. Therefore, the policy provides that the life insurance benefits will be paid to the decedent's surviving spouse, if any, or, if there is no surviving spouse, to the decedent's children equally. *See id.* Jim Edna Dailey claimed to be Decedent's wife at the time of his death. *See id.*

Jim Edna Dailey was served with process on January 4, 2013, which made her answer due on January 25, 2013. *See* Dkt. No. 20; FED. R. CIV. P. 12(a)(1)(A)(i). On May 21, 2013, Defendant First National, Ltd. filed a Request for Clerk's Entry of Default against Jim Edna Dailey because she had not filed a responsive pleading or otherwise made an appearance. *See* Dkt. No. 39. The Clerk's Entry of Default was filed on May 21, 2013. *See* Dkt. No. 40.

Jim Edna Dailey, representing herself *pro se*, filed an answer three days later on May 24, 2013. *See* Dkt. No. 45. In her answer, Jim Edna Dailey acknowledges that she is unsure of the correct procedure for responding to Plaintiff's complaint. *See id.* Jim Edna Dailey signed the answer on April 4, 2013; however, the envelope in which the answer was received by the Clerk's office reflects that her daughter, Shirley Dailey,

mailed the answer (along with Shirley L. Dailey's and Sheila L. Dailey's answers) on May 24, 2013, almost seven weeks after Jim Edna Dailey signed it. *See* Dkt. Nos. 43, 44, & 45. Defendant First National, Ltd. filed an Amended Motion to Strike Answer of Jim Edna Dailey, asserting that her claim and answer were barred by the Clerk's Entry of Default. *See* Dkt. No. 47. (Claimant First National, Ltd.'s Motion to Strike Answer of Jim Edna Dailey [Dkt. No. 46] was denied as moot in light of the filing of its Amended Motion to Strike Answer of Jim Edna Dailey [Dkt. No. 47]. *See* Dkt. No. 60.)

According to Plaintiff, Jim Edna Dailey died on June 4, 2013 and is survived by six children: Shannon D. Dailey, Sheila L. Dailey, and Shirley, L. Dailey – who are all individual defendants in this case – as well as Robert Lee Moore, Jr., Octivia Minyard, and Joanne Hughes – who were not named in Plaintiff's original complaint. *See* Dkt. No. 58. Plaintiff filed a Motion for Leave to File an Amended Complaint to Add Parties. *See id.* Plaintiff seeks to add Jim Edna Dailey's three children who are not already parties – Robert Lee Moore, Jr., Octivia Minyard, and Joanne Hughes – as additional Defendants because they have asserted a claim to the insurance proceeds as their mother Jim Edna Dailey's heirs. *See id.*

Defendant William E. Dailey, Jr. filed Suggestions in Opposition to Plaintiff's Motion for Leave to File an Amended Complaint to Add Parties. *See* Dkt. No. 59. William E. Dailey, Jr. opposes adding Jim Edna Dailey's other children as defendants for two reasons. First, like First National, Ltd., he argues that Jim Edna Dailey's claim to the insurance proceeds is barred by the Clerk's Entry of Default. Second, he argues that Jim Edna Dailey's claim fails on the merits because she was not married to

3

Decedent at the time of his death and, thus, neither she nor her three children who are not also Decedent's children – the three persons whom Plaintiff seeks to add as parties – have claims to the insurance proceeds. *See id.*

## Analysis

I.  MOTION TO STRIKE JIM EDNA DAILEY'S ANSWER

Claimant First National, Ltd.'s Amended Motion to Strike Answer of Jim Edna Dailey [Dkt. No. 47] should be denied, and the Clerk's Entry of Default [Dkt. No. 40] should be set aside.

Federal Rule of Civil Procedure 55 sets forth the conditions under which default may be entered against a party as well as the procedure to seek the entry of default judgment. There is a three-step process for securing a default judgment. *See New York Life Ins. Co. v. Brown,* 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a party "has failed to plead or otherwise defend" against an action. FED. R. CIV. P. 55(a). Next, the court's clerk must enter an entry of default when the default is established "by affidavit or otherwise." *See id.; New York Life Ins. Co.*, 84 F.3d at 141. Third, a party may apply to the clerk or the court for a default judgment after an entry of default. *See* FED. R. CIV. P. 55(b); *New York Life Ins. Co.,* 84 F.3d at 141. Jim Edna Dailey defaulted because she did not file an answer within the allowed time. On First National, Ltd.'s motion, an entry of default was entered against Jim Edna Dailey, but a default judgment was never entered. *See* Dkt. No. 40; *New York Life Ins. Co.*, 84 F.3d at 141.

Jim Edna Dailey filed an answer three days after the entry of default, without

having sought or obtained leave of court to file a late answer. When a defendant files a pleading subsequent to an entry of default, a court may construe it as a motion to set aside the default. *See Flores v. Koster*, No. 3:11-cv-726-M-BH, 2012 WL 6928017, at *1 (N.D. Tex. Dec. 28, 2012), *rec. adopted*, 2013 WL 271447 (N.D. Tex. Jan. 23, 2013); *Little v. D & D Helping Others, Inc.*, No. H-06-3295, 2008 4525398, at *4 (S.D. Tex. Oct. 2, 2008). Moreover, a court may set aside an entry of default *sue sponte*. *See Flores*, 2012 WL 6928017, at *1; *Diaz v. United States,* 789 F.Supp.2d 722, 732 n.11 (S.D. Miss. 2011) (citing *Anheuser Busch v. Philpot*, 317 F.3d 1264, 1267 (11th Cir. 2003)).

Under Rule 55(c), the Court may set aside an entry of default for good cause. *See* FED. R. CIV. P. 55(c). The good cause standard is a liberal one. *See Effjohn Int'l Cruise Holdings, Inc. v, A & L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003). In deciding whether a defendant has shown good cause, courts consider (1) whether the failure to respond was due to excusable neglect; (2) whether the plaintiff would suffer prejudice if the default was set aside; and (3) whether the defendant presented a meritorious defense. *See id.*; *CJC Holdings, Inc. v. Wright and Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992) (adopting excusable neglect inquiry instead of willfulness); *see also Stevenson v. Verizon Wireless, LLC,* No. 3:08-cv-168-G, 2009 WL 188188, at *2 (N.D. Tex. Jan. 27, 2009) (applying excusable neglect factor in accord with *CJC Holdings*). These factors are nonexclusive; another factor that the courts often consider is whether the party acted promptly to correct the default. *See Effjohn*, 346 F.3d at 563. "The decision to set aside a default decree lies within the sound discretion of the district court." *United States v. One Parcel of Real Prop.*, 763 F.2d 181, 183 (5th Cir. 1985).

5

Excusable neglect is an "'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993). The term extends to "simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Id.* at 388. Excusable neglect has been found to include late filings resulting from "mistake, inadvertence or carelessness." *Mattress Giant Corp. v. Motor Adver. & Design Inc.*, No. 3:07-cv-1728-D, 2008 WL 898772, at *2 (N.D. Tex. Mar. 31, 2008); *see also UMG Recordings, Inc. v. Landers*, CIV.A. 07-1279, 2008 WL 60422, at *2 (W.D. La. Jan. 4, 2008) (excusing defendant's delay in answering the complaint in the absence of evidence that *pro se* defendant acted intentionally); *In re Waggoner*, No. 05-21523-RLJ-7, 2007 WL 3171740, at *5 (Bankr. N.D. Tex. Oct. 24, 2007) (excusing IRS's delay in answering complaint despite failure to proffer a reason).

In this case, Jim Edna Dailey's failure to file a timely answer meets the "elastic" standard for excusable neglect. There is no evidence that Jim Edna Dailey's failure was intentional. To the contrary, Jim Edna Dailey was a *pro se* party who acknowledged that she was unfamiliar with the rules of civil procedure but was trying to comply to the best of her ability. She signed her answer on April 4, 2013 – long before the entry of default, albeit after the answer deadline – and her answer's filing only three days after the entry of default effectively reflects an effort to promptly correct the default. *See* Dkt. No. 45. But Jim Edna Dailey died shortly after the entry of default against her and, thus, did not have the opportunity to offer an explanation for the delay or further press her claim. Furthermore, there has been no showing by any party that it

6

suffered prejudice due to Jim Edna Dailey's delay in filing her answer. *See Roebuck v. Diamond Detective Agency*, 484 Fed. App'x 976, 977 (5th Cir. 2012).

By seeking to strike Jim Edna Dailey's answer and deny leave to add her additional children as parties, Defendants First National, Ltd. and William E. Dailey, Jr., in effect, seek to impose the harsh consequences of default judgment by barring Jim Edna Dailey's heirs from asserting a claim as a result of the Clerk's Entry of Default. *See* Dkt. Nos. 47 & 59. Default judgment is a drastic remedy, not favored by the Federal Rules and resorted to by the courts only in extreme situations. *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n v. Am. First Mtg. Funding Corp.*, 874 F.2d 274, 276 (5th Cir. 1989). Not only are default judgments generally disfavored in the law, but there also is a strong policy in favor of deciding cases on the merits. *See Fortenberry v. Texas*, 75 Fed. App'x 924, 926 n.1 (5th Cir. 2003). Moreover, default judgment should not be granted on a claim, without more, that a defendant failed to meet a procedural time requirement. *See Mason & Hanger-Silas Mason Co. v. Metal Trades Council of Amarillo, Tex.*, 726 F.2d 166, 168 (5th Cir. 1984).

Here, the only basis for the Clerk's Entry of Default was Jim Edna Dailey's failure to timely file an answer. The Court has discretion to allow the late filing of an answer, *see Davis v. Parkhill-Goodloe Co., Inc.,* 302 F.2d 489, 495 (5th Cir. 1962), and in this case, there is good cause to set aside the clerk's entry of default and to treat Jim Edna Dailey's answer as timely filed.

II.   MOTION FOR LEAVE TO ADD PARTIES

Metropolitan Life Insurance Company's Motion for Leave to File an Amended

7

Complaint to Add Parties [Dkt. No. 58] should be granted.

In his Suggestions in Opposition, Defendant William E. Dailey, Jr. argues that the Motion for Leave to Amend the Complaint to Add Additional Parties should be denied because Jim Edna Dailey's claim to the insurance proceeds fails on the merits and it would be futile to allow her heirs, whose claims are dependent on hers, to pursue claims in this case. *See* Dkt. No. 59. Defendant William E. Dailey, Jr. asserts that adding the additional parties would be highly prejudicial because it will unnecessarily delay the ultimate resolution of the case, increase attorneys' fees and expenses, exacerbate difficulties in communication between the parties, and contribute to Decedent's children's emotional distress. *See id.* He also claims that it would be premature to add the additional parties because he contemplates that they must establish heirship in a probate proceeding before they can assert claims in this case. *See id.*

Where a deadline to amend pleadings has not expired, Rule 15(a) governs the amendment of pleadings and provides that, after a responsive pleading has been served, a party may amend a pleading "only by leave of court or by written consent of the adverse party" but that "leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a)(2); *Potter v. Bexar Cty. Hosp. Dist.*, 195 Fed. App'x 205, 208 (5th Cir. 2006). Leave to amend is not automatic, *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005), but the federal rules' policy "is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading," *Dussouy v. Gulf Coast Inv.*

*Corp.*, 660 F.2d 594, 598 (5th Cir. 1981).

In deciding whether to grant a motion for leave to amend, the Court may consider a variety of factors including undue delay, bad faith or dilatory motive, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment. *See Jones*, 427 F.3d at 994. The touchstone of the inquiry under Rule 15(a) is whether the proposed amendment would unfairly prejudice the defense by denying the defendants notice of the nature of the complaint. *See Lowrey v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 246 (5th Cir. 1997). But Rule 15(a) provides a "strong presumption in favor of granting leave to amend,"*Fin. Acquisition Partners, LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006), and the Court must do so "unless there is a substantial reason to deny leave to amend," *Dussouy*, 660 F.2d at 598; *accord Jebaco Inc. v. Harrah's Operating Co. Inc.*, 587 F.3d 314, 322 (5th Cir. 2009) ("leave to amend is to be granted liberally unless the movant has acted in bad faith or with a dilatory motive, granting the motion would cause prejudice, or amendment would be futile").

Relevant to the Rule 15(a) inquiry here is that this is an interpleader case. The purpose of an interpleader is to shield a stakeholder from liability when faced with the threat of multiple inconsistent claims to a single fund by allowing the stakeholder to tender that fund to the court in lieu of defending against multiple possible lawsuits. *See Tittle v. Enron Corp.*, 463 F.3d 410, 423 (5th Cir. 2006). The procedural device of interpleader allows a stakeholder effectively to avoid a dispute with claimants while the court determines the proper allocation of the disputed fund. *See id.*

9

Plaintiff seeks leave to amend the complaint in order to add three additional parties who are now, because of Jim Edna Dailey's death, making claims to the insurance proceeds. These additional parties did not have a claim to the funds prior to the death of Jim Edna Dailey and, thus, could not have been included as parties when the Complaint in Interpleader was filed. Plaintiff's proposed amendment does not seek to alter the nature of the case; therefore, Defendant William E. Dailey, Jr. and the other parties will not be unduly prejudiced by the amendment. Instead, Plaintiff seeks to include all known claimants to the funds, which is in keeping with the purpose of interpleader. Whether the additional parties can prevail on their claims is a matter that should be resolved by the Court on the merits. *See Jamieson v. Shaw,* 772 F.2d 1205,1208 (5th Cir. 1985) (holding court erred by denying motion for leave to amend on basis of futility).

Because Rule 15(a) expresses a strong presumption in favor of liberal pleading, and because the underlying facts or circumstances on which the additional parties may seek relief may be a proper subject of relief, they ought to be afforded an opportunity to test their claims on the merits. *See Lowrey*, 117 F.3d at 245.

**Recommendation**

The Clerk's Entry of Default [Dkt. No. 40] should be set aside. Claimant First National, Ltd.'s Amended Motion to Strike Answer of Jim Edna Dailey [Dkt. No. 47] should be DENIED. Plaintiff Metropolitan Life Insurance Company's Motion for Leave to File an Amended Complaint to Add Parties [Dkt. No. 58] should be GRANTED, and Plaintiff should be ordered to file its First Amended Complaint in Interpleader [Dkt.

10

No. 58-1], in accordance with Local Civil Rule 15.1(b), within five days of an order adopting these findings, conclusions, and recommendation.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. The Clerk shall transmit a copy of these findings, conclusions, and recommendation to all parties who have answered or otherwise made an appearance in the case, including Defendant John W. Dailey.

Plaintiff is ORDERED to mail a copy of these findings, conclusions, and recommendation to all other Defendants on whom Plaintiff has effected service or from whom Plaintiff has obtained a waiver of service; Plaintiff shall mail the findings, conclusions, and recommendation to the address at which Plaintiff served the Defendant or the address that is reflected on the Defendant's executed waiver of service, unless Plaintiff has obtained more recent information on a Defendant's last known mailing address. Plaintiff shall thereafter file a certificate of service with the Court, reflecting the completion of this service by mail as required by these findings, conclusions, and recommendation.

Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the

magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 15, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE