IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| METROPOLITAN LIFE INSURANCE COMPANY, | § | |
|---|---|---|
| Plaintiff, | § § § § | |
| V. | § | No. 3:12-cv-4174-G-BN |
| WILLIAM E. DAILEY, JR., ET AL., | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and an order of reference from the District Court. *See* Dkt. No. 27. Plaintiff Metropolitan Life Insurance Company has filed a Motion to Deposit Plan Benefits into the Registry of the Court and for Discharge with Prejudice. *See* Dkt. No. 98. None of the defendants filed a response, and their time to do so has passed. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the motion be granted.

**Background**

This is an interpleader action concerning conflicting claims to life insurance proceeds from a policy insuring William E. Dailey, Sr. ("Decedent"). *See* Dkt. No. 1 (Complaint in Interpleader). Plaintiff Metropolitan Life Insurance Company, the stakeholder, brought this suit against Jim Edna Dailey, who asserted a claim as the surviving spouse; Decedent's eight children: William E. Dailey, Jr., Elizabeth A. Dailey,

Christopher E. Dailey, Shannon D. Dailey, Sheila L. Dailey, Shirley L. Dailey, John W. Dailey, and N.K.D. (a minor); and First National, Ltd., who asserted a claim as assignee regarding Decedent's funeral expenses. *See id.* Jim Edna Dailey died during the pendency of this litigation, and Plaintiff subsequently brought suit against Joann Hughes, Octivia Minyard, and Robert Lee Moore, Jr., who are children of Jim Edna Dailey but not Decedent. *See* Dkt. No. 67.

## Settlement Conference

The parties participated in a telephonic settlement conference conducted by United States Magistrate Judge Paul D. Stickney on May 19, 2014 and reached a settlement of this case. *See* Dkt. Nos. 103, 105, & 106.

## Recommendation

Because Plaintiff is a mere stakeholder and has no interest in the Plan Benefits, and because depositing the interpleaded funds into the Court's registry will facilitate the parties' settlement, the undersigned recommends that Plaintiff's Motion to Deposit Plan Benefits into the Registry of the Court be granted and that Plaintiff Metropolitan Life Insurance Company be ordered to deposit the life insurance proceeds in the total amount of $24,000 payable under the AT&T Medical and Group Life Insurance Plan—Group Life Insurance Plan as a result of the death of William E. Dailey, Sr. plus applicable interest (the "Plan Benefits") into the Court's registry.

The undersigned recommends that, once Plaintiff Metropolitan Life Insurance Company deposits the Plan Benefits into the Court's registry, the Court should order that Plaintiff Metropolitan Life Insurance Company is dismissed with prejudice from

this case and discharged from any further liability related to or arising out of the Plan Benefits payable as a result of the death of William E. Dailey, Sr.

The undersigned further recommends that the parties be realigned as follows: William E. Dailey, Jr., Elizabeth A. Dailey, Christopher E. Dailey, and First National, Ltd., Plaintiffs versus Shannon D. Dailey, Sheila L. Dailey, Shirley L. Dailey, John W. Dailey, Kimberly M. Atkins, as next friend of N.K.D., JoAnn Hughes, Octivia Minyard, and Robert Lee Moore, Jr., Defendants.

Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**Order Regarding Service**

The Clerk of the Court shall transmit a copy of these Findings, Conclusions, and Recommendation to all parties who have answered or otherwise made an appearance

in the case.

The Clerk of the Court is further directed to mail, via certified mail, a copy of copy of these Findings, Conclusions, and Recommendation to all of the parties listed in Plaintiff's April 21, 2014 Certificate of Service [Dkt. No. 97], at the addresses listed in that document.

DATED: May 27, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE